UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TREZJUAN THOMPSON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:13-cv-00060-DBH |
| | ) | |
| CUMBERLAND COUNTY SHERIFF, et al., | ) | |
| | ) | |
| Respondents | ) | |

**RECOMMENDED DECISION**
**28 U.S.C § 2241**

On February 26, 2013, Trezjuan Thompson filed a petition with this court pursuant to 28 U.S.C. § 2241 challenging certain aspects of his custody at the Cumberland County Jail. Thompson paid the $5.00 filing fee, naming as respondents the Cumberland County Sheriff and the United States Marshal Service. In his petition Thompson alleges that he was a federal pretrial detainee, detained as the result of a detention order entered by John Rich, United States Magistrate Judge, District of Maine, in the case of United States v. Thompson, 2:10-cr-00200-DBH. That detention order placed Thompson in the custody of the Attorney General or his designated representative (id., ECF No. 10), and I ordered the United States Attorney for the District of Maine to respond to the petition on behalf of the United States Marshal Service. Service was not ordered upon the Cumberland County Sheriff and no response was filed on his behalf. Thompson's complaint challenges his placement in maximum security, but not the length or legality of his pretrial detention per se. The Assistant United States Attorney responded to the petition, requesting its dismissal. I now recommend that the petition be summarily dismissed as to both named respondents as the petition fails to state a claim for habeas relief pursuant to 28 U.S.C. § 2241.

## Factual Background

On January 9, 2013, while an inmate at the Cumberland County Jail, Thompson received notification that as a result of a report filed against him by a staff member of the jail, he would be given the opportunity to appear before a disciplinary board within seven days to deny or explain the allegations against him. In the interim Thompson was reclassified as a maximum security prisoner and placed in maximum security segregation. (See ECF No. 1-2, Disciplinary Board Cover Sheet, and ECF No. 1, Petition ¶ 5.) The hearing was scheduled to be held on January 16, 2013, but on January 15, 2013, Thompson was transported to Strafford County Correctional Facility in New Hampshire. (Petition ¶ 6.)

While at Strafford County, Thompson remained in maximum security on the Marshal's recommendation (id. ¶ 8), and then after three weeks he was returned to Cumberland County where he remained in maximum security (id. ¶ 9). As of the date the petition was filed, February 26, 2013, it appears that no hearing had been held. The gravamen of Thompson's petition is that as a pretrial detainee it was wrong to classify him as a maximum security inmate without the attendant procedural due process to which he was entitled. The relief requested was that Thompson be placed in the general population of the jail where he was housed.[1]

## Discussion

Habeas corpus review pursuant to 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Fundamentally, a § 2241 habeas proceeding "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release

[1] Thompson's requested relief appears moot at this juncture, in any event. On June 20, 2013, Thompson was sentenced to 327 months imprisonment on the underlying federal criminal charges and is no longer a pretrial detainee. Furthermore, in all likelihood Thompson has been, or will be in the near future, moved to a federal correctional facility.

from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, a traditional habeas petition challenges the "fact or duration" of physical confinement and seeks either immediate or speedier release from that confinement. Id. at 498. However, that is not to say that § 2241 never provides a remedy for a federal prisoner who contests any of the conditions of his confinement, though such a motion must ordinarily be filed in the district court in whose jurisdiction the petitioner is confined if he is confined by federal authorities, not necessarily in the sentencing court. 28 U.S.C. § 2241(a); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977). For instance, habeas jurisdiction is appropriate to challenge the manner of execution of a federal sentence. Muniz v. Sabol, 517 F.3d 29, 33-34 (1st Cir. 2008) (finding that jurisdiction existed to address § 2241 habeas petition by federal prisoners challenging delay in transfer to community corrections centers as contrary to statutory duty of BOP); Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999) (finding that a habeas petition under § 2241 is an appropriate vehicle for challenging Bureau of Prisons' failure to designate state prison as place for confinement). In the present case Thompson challenges the manner of execution of the pretrial detention order, rather than the manner of execution of his eventual sentence. Thompson is not challenging general conditions of confinement such as inadequate medical care or excessive force by guards, circumstances generally under the control of the correctional facility itself. Thompson's sole complaint relates to his pretrial classification as a maximum security prisoner in the absence of hearing, at the partial behest of the United States marshals and without appropriate procedural safeguards applied to a pretrial detainee. For purposes of this recommendation I will assume that in the right case § 2241 habeas relief would be available to a federal prisoner challenging the legality of the terms of his pretrial detention in those circumstances.

In addition to being protected by the "express guarantee[s] of the Constitution," pretrial detainees have a right "to be free from punishment." Bell v. Wolfish, 441 U.S. 520, 534 (1979). "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535. Consequently, when evaluating claims addressed to the conditions of confinement imposed on a pretrial detainee that "implicate only the protection of liberty without due process of law," the analysis turns on "whether those conditions amount to punishment." Id.

Basic, pre-punishment due process for a pretrial detainee consists, in part, of notice, which requires "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." Wolff v. McDonnell, 418 U.S. 539, 563 (1974). Prehearing notice must be in writing and it must be sufficient to inform the prisoner of the charges and enable him to prepare a defense. Such notice must be provided at least 24 hours before the hearing. Id. at 564. It appears from the petition that this portion of the due process guarantee was met. However, according to the allegations, petitioner did not receive a predeprivation hearing and maintained the maximum security classification for several weeks. As of February 26, 2013, the disciplinary hearing had not been held and no written notice of reasons had apparently been supplied.

Although pretrial detainees have a right to due process before being subjected to "punishment" in a prison, "[t]he administrators of the prison must be free, within appropriate limits, to sanction the prison's pretrial detainees for infractions of reasonable prison regulations that address concerns of safety and security within the detention environment." Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 318 (1st Cir. 1995). Measures imposed to ensure prison security, order, and discipline do not amount to prohibited punishment under this framework

unless there is evidence of an actual intent to punish the detainee for "prior unproven criminal conduct," id., or the punishment/sanction is not "proportionate to the gravity of the infraction," Surprenant v. Rivas, 424 F.3d 5, 13 (1st Cir. 2005) (citing Collazo-Leon, 51 F.3d at 318). Arbitrary or disproportionate sanctions, or sanctions that do not further a legitimate penological objective, reflect the kind of punishment that is proscribed when it comes to pretrial detainees. Id. Under these standards, not every prehearing placement in segregation will amount to a due process violation. In fact, the use of prehearing administrative segregation is permitted. However, if the conditions of prehearing administrative segregation at a particular facility are disproportionate to the nature of the charged infraction and the detainee is placed in those conditions without Wolff v. McDonnell process, it amounts to a due process violation. Punitive sanctions are not to be imposed on a pretrial detainee before the resolution of a due process hearing. Surprenant v. Rivas, 424 F.3d 5, 13-14 (1st Cir. 2005); see also Collazo-Leon, 51 F.3d at 317-319 (discussing how prison officials have considerable leeway to sanction detainees for misconduct, and therefore vacating trial court's award of habeas relief, but remanding for a determination of whether the detainee's procedural rights were violated); Hightower v. Vose, No. 95-2296, 1996 U.S. App. Lexis 24041, at *4 n.3, 1996 WL 516123, at *1 n.3 (1st Cir. Sept. 12, 1996) (unpublished) (noting that pretrial detainees "must be afforded a due process hearing before being punished").

Thompson's allegations, which at this juncture I accept as true, are that he was classified as a maximum security inmate both at Cumberland County Jail and at the Strafford County Jail without procedural due process because the disciplinary board hearing he had been promised was never held. However, the only habeas remedy available to Thompson would be to order the marshal to require the jail to hold the due process hearing, an exercise in futility at this point,

since Thompson is in all likelihood no longer at the facility. Even if he remains at the Cumberland County Jail, he is now a sentenced prisoner and the Sandin v. Conner standard regarding segregated confinement would be applicable. 515 U.S. 472 (1995). Certainly Thompson's allegations do not rise to the level of an "atypical, significant deprivation" under Sandin, id. at 486, as he complains only of lack of access to the phone and "amenities" like newspapers and visitation rights. (Petition ¶¶ 7-8.) Furthermore, the ultimate reason why Thompson's habeas petition fails is that his allegations fail to show that his placement in disciplinary segregation was intended either to punish unproven criminal conduct or not proportional to the alleged violation of prison rules. Thompson's submissions conveniently omit any detail about his own alleged misconduct. They also fail to describe any punitive actions taken against him other than the classification status itself. He alleges a general denial of phone access and "other amenities" (Petition ¶ 7), but he fails to allege that the "status" assigned to him brought any punitive measures of constitutional dimension. Given these circumstances he is not entitled to even the limited habeas relief that he seeks in the petition and the petition should be summarily dismissed.

**CONCLUSION**

For the reasons stated above, I recommend that the Court deny Thompson relief under 28 U.S.C. § 2241, with prejudice, and dismiss the petition. I further recommend that a certificate of appealability should not issue in the event Thompson files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 18, 2013 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge